MARK P. VELEZ, ESQ. (SBN 163484)
NATALYA V. GRUNWALD, ESQ. (SBN 265084)
**THE VELEZ LAW FIRM, PC**
3010 Lava Ridge Court, Suite 120
Roseville, California 95661
Telephone: (916) 774 – 2720
Facsimile: (916) 774 – 2730
*velezlaw@live.com*

Attorneys for Plaintiff
ADAM BLANKERSHIP

**UNITED STATES DISRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM BLANKERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**1. Violation of Title VII: Retaliation for Opposing Discrimination; Participating in a EEOC Proceeding.**<br><br>**JURY TRIAL DEMANDED** |

THE VELEZ LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct, Suite 120
Roseville, CA 95661

## STATEMENT OF JURISDICTION AND VENUE

Plaintiff Fire Fighter ADAM BLANKENSHIP ("BLANKENSHIP" and/or "Plaintiff"), complains against Defendants, and each of them, demands a trial by jury of all issues and for all causes of action, and hereby alleges, based upon information and belief, the following:

1. Plaintiff ADAM BLANKENSHIP is a resident of Rescue, El Dorado, in the State of California and a current employee of Defendants CITY OF SACRAMENTO, Fire Department, A California City (referred to as "Defendants CITY OF SACRAMENTO") Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district, and under federal question jurisdiction with the required amount in controversy, as Plaintiff alleges violations of the Title VII. 28 U.S.C.§ 1331.

## PARTIES

2. Plaintiff ADAM BLANKENSHIP is an individual, and is a resident of Rescue, County of El Dorado, in the State of California, and a current employee of Defendant CITY OF SACRAMENTO.
3. Defendant CITY OF SACRAMENTO, at all relevant times herein, is, and was, a municipality which operates a City wide fire department in Sacramento, doing business in the County of Sacramento, State of California, and qualified as an "Employer".
4. CITY OF SACRAMENTO (hereinafter "Defendant CITY OF SACRAMENTO) is a municipality doing business in the City of Sacramento area, in the State of California and the County of Sacramento. Defendant was, at all times herein relevant, Plaintiffs "Employer" as that term is defined under Title VII. Defendant CITY OF SACRAMENTO, had actual and constructive notice of the wrongful conduct, discrimination, and retaliation perpetrated upon Plaintiff, set forth below, had both the authority and the duty to prevent and correct the same, failed to take reasonable action to prevent and correct the same and, by their conduct, condoned, supported and ratified such wrongful conduct.

HE VELEZ
AW FIRM, PC
ttorneys at Law
10 Lava Ridge Court
ite #120
oseville, CA 95661

5. Then, DEPUTY CHIEF NICO KING (hereinafter "KING"), at all times herein relevant resides in Long Beach, in the State of California, was a supervisor and managing agent for Defendant CITY OF SACRAMENTO.

6. FIRE CHIEF CHRISTOPHER COSTAMAGNA (hereinafter "COSTAMAGNA") at all times herein relevant resides in Sacramento, in the State of California, was a supervisor and managing agent for Defendant CITY OF SACRAMENTO.

7. DON DEMAVIVAS, (hereinafter "DEMAVIVAS") at all times herein relevant resides in Sacramento, in the State of California, was a supervisor and managing agent for Defendant CITY OF SACRAMENTO.

## GENERAL ALLEGATIONS

8. At all times herein relevant, Defendants owed Plaintiff a duty to take all reasonable action to provide Plaintiff with a workplace free from unlawful discrimination, harassment and retaliation, and to take all reasonable action to prevent and correct discrimination, harassment, and retaliation in the workplace. Specifically, Defendants owed Plaintiff a duty: (1) to promulgate, in an effective way, policies, practices and guidelines regarding employment discrimination, harassment and retaliation; (2) to provide effective and adequate training to managers, supervisors and employees regarding employment discrimination, harassment and retaliation, how to take effective, timely and reasonable action to prevent employment discrimination, harassment and retaliation and, particularly, how to handle, in a reasonable, prompt and effective manner, complaints and noticed situations raising issues of employment discrimination, harassment and retaliation; (3) to provide realistic assurance to employees that defendants were serious about enforcing such policies against discrimination, harassment and retaliation; (4) to protect from retaliation employees who made or supported discrimination, harassment or retaliation complaints; (5) to conduct, in response to a complaint or actual or constructive notice of discrimination, harassment and retaliation, a good faith, reasonable, fair and prompt investigation of such complaint or in response to such notice; (6) to bring such investigation to a conclusion in a timely manner; (7) to take prompt and effective remedial action, where appropriate, to prevent and correct

HE VELEZ
AW FIRM, PC
ttorneys at Law
10 Lava Ridge Court
iite #120
oseville, CA 95661

discrimination, harassment and retaliation; (8) to maintain reasonably thorough and adequate records regarding discrimination, harassment and retaliation complaints, investigations, conclusions and remedial action; and (9) to avoid engaging in and promoting actions which have the intended purpose and foreseeable effect of silencing and quashing the voices of discrimination, harassment or retaliation complainants and others who support or have supported discrimination, harassment or retaliation complaints.

9. Defendants, and each of them, breached the above-mentioned duties in that, at all times herein relevant, Defendants acted in a manner which they knew, should have known, and did not care to know, condoned and supported discrimination, harassment and retaliation in the workplace. Defendants failed and refused to take reasonable action to publish and promulgate, in an effective manner, policies, practices and guidelines regarding discrimination, harassment and retaliation. Defendants failed and refused to take reasonable action to provide adequate and effective training to managers, supervisors and employees regarding discrimination, harassment and retaliation, failed to effectively train managers, supervisors and employees regarding how to prevent employment discrimination, harassment and retaliation, and failed to adequately train managers, supervisors and employees in how to reasonably, promptly and effectively handle complaints and notice situations raising issues of employment, discrimination, harassment and retaliation. Defendants responded to actual and constructive notice of and complaints regarding discrimination harassment and retaliation in a manner calculated to defendant and delay, rather than fairly and timely investigate situations noticed and complaints regarding discrimination, harassment and retaliation, with the intended purpose and foreseeable effect of supporting management at all costs, condoning and supporting discrimination, harassment and retaliation. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

10. At all times herein mentioned, each of the defendants was the actual and apparent agent, servant and employee of each of the remaining defendants and in doing the things herein

HE VELEZ
AW FIRM, PC
ttorneys at Law
110 Lava Ridge Court
iite #120
oseville, CA 95661

after alleged were acting within the course and scope of their actual and apparent agency and employment and with the knowledge, notification, consent and subsequent ratification of each of the other defendants. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff BLANKENSHIP.

11. Within time permitted by the law, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a "Right to Sue" letter, thereby exhausting the administrative remedy.

## FACTUAL ALLEGATIONS

12. Plaintiff ADAM BLANKENSHIP is a U.S. Coast Guard veteran. Following an honorable discharge, Plaintiff was hired by the City of Sacramento Fire Department in about August 2006. From 2006 through about 2017, Plaintiff BLANKENSHIP was assigned to Station 60. Battalion Chief Jonathan Burgess assigned to Station 56, with responsibilities over 7 Fire Stations including the station Plaintiff worked.

13. Plaintiff BLANKENSHIP has always desired to promote into Defendant's Fire Investigator Unit. This is a quasi-law enforcement position. In about early 2016 Defendant CITY OF SACRAMENTO posted a position for Fire Inspector 1 position. Plaintiff promptly applied. The application process required a application review, a written evaluation test, an oral presentation with a panel of 3 senior Fire Department Officers including the Fire Marshall responsible for unit. The top 3 ranked applicants are provided some specialized training before proceeding to the panel oral interviews.

14. Plaintiff BLANKENSHIP submitted his application in about April 2016, as did 2 other applicants for a single opening. However, Plaintiff was denied the specialized training i.e., removed from training. Following his interview, he was notified that the position went to another applicant.

15. Plaintiff BLANKENSHIP next grieved the denial of the specialized training to Battalion Chief Jonathan Burgess. BC Burgess informed Plaintiff that it was against the Civil Service Board policies to exclude Plaintiff from receiving the specialized training during the

HE VELEZ
AW FIRM, PC
ttorneys at Law
)10 Lava Ridge Court
iite #120
)seville, CA 95661

application process. BC Burgess next discussed the matter with then, Deputy Fire Chief NICO KING. Chief KING told Burgess that BLANKENSHIP would never get promoted to Fire Investigator. BC Burgess relayed to BLANKENSHIP what Chief KING had told him.

16. Plaintiff BLANKENSHIP took the high road and commenced private training, private secondary education specific to a Fire Investigator. Plaintiff traveled to Nevada and to Southern California for specialized Fire Investigator courses. In total, Plaintiff spent nearly $60,000 in such specialized courses and training. As Plaintiff was embarked in becoming the most qualified candidate for the next open Fire Investigator 1 position, BC Burgess cautioned Plaintiff that Chief KING would always reject Plaintiff's application for the position.

17. Next, in about March 2019 another Fire Investigator 1 position became open and was posted. Plaintiff BLANKENSHIP again applied, took the tests, and ranked again in the top 3 candidates. Again, in contravention to the Civil Service Board policies, Defendant CITY OF SACRAMENTO excluded Plaintiff from the specialized training.

18. Thereafter, Plaintiff BLANKENSHIP grieved the deviation from policy to the Civil Service Board. At the hearing, Battalion Chief Burgess provided expert witness testimony advocating Plaintiff's position. The Board did not offer Plaintiff any relief.

19. Next, in about May 22, 2019 Plaintiff BLANKENSHIP made a formal complaint to the City of Sacramento's office of Equal Employment Opportunity (EEO). Plaintiff's claim was that he had been subjected to reverse race discrimination. Plaintiff informed EEO officer Susan Edmonson, that he was being discriminated because he's White and under age 40. Ms. Edmonson laughed in Plaintiff's face. Ms. Edmonson stated to Plaintiff, "you are White, not over the age of 40, and not in a protected class." Plaintiff's EEO complaint was not going anywhere as the EEO officer was ignorant to the law governing Title VII retaliation.

20. Next, on January 25, 2021 Plaintiff wrote a letter, amongst others, to Steven Hunt, the EEOC Oakland, California Director. Therein, Plaintiff complained of retaliation over not receiving the Fire Investigator 1 position.

HE VELEZ
AW FIRM, PC
ttorneys at Law
)10 Lava Ridge Court
iite #120
oseville, CA 95661

21. Within, a short time thereafter Plaintiff opened an EEOC claim against Defendant CITY OF SACRAMENTO, EEOC number 555-2021-00566. The EEOC engaged in obtaining discovery from Defendant CITY OF SACRAMENTO as well as obtaining a full charge of discrimination from Plaintiff BLANKENSHIP.

22. The EEOC framed Plaintiff's charge as follows: "Claimant was hired by Respondent on or about August 7, 2006. His last job was a fire fighter. Claimant has been subjected to discriminatory treatment. For example, in or around May 2019, Claimant complained about race and sex discrimination. In or about December 2020, Claimant interviewed for position of Fire Investigator. However, despite being more qualified than the other applicants, on or about 1/2/2021, Claimant was informed he did not receive the position. Claimant believes he was retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended."

23. In response to the EEOC's charge of employment retaliation, on June 18, 2021 Defendant CITY OF SACRAMENTO, Equal Employment Manager, Don Demavivas wrote to the EEOC. Therein, Mr. Demavivas stated, "In March 2021, an additional position was created, and Complainant was invited to begin training and the administrative process for the position."

24. Upon receipt of Demavivas' letter, Plaintiff BLANKENSHIP reasonably believed that the Fire Department was taking some form of remedial measures in response to his EEOC charge of discrimination. Next, Plaintiff timely applied for the newly created position. On April 5, 2022 CFO Fire Chief Gary Loesch notified the Fire Department that Plaintiff had passed his background check and that he was qualified for the Fire Investigator 1 position.

25. However, by June 2022, Plaintiff had not heard back anything about the application for the newly created Fire Investigator 1 position. Plaintiff arranged a meeting with Fire Chief Chris COSTAMAGNA. On July 21, 2022 Plaintiff met with COSTAMAGNA, inquired about his background check, the testing process and matters concerning the application process. The Chief informed Plaintiff that he would get back to him.

HE VELEZ
AW FIRM, PC
ttorneys at Law
10 Lava Ridge Court
ite #120
oseville, CA 95661

26. Next, on August 8, 2022 Chief COSTAMAGMA emailed Plaintiff informing BLANKENSHP that there was a misunderstanding over the Fire Investigator 1 position. COSTAMAGNA informed Plaintiff that there was no new position vacancy had occurred. This was a complete fabrication. Defendant CITY OF SACRAMENTO EEO Mgr. Don Demavivas, a person who reported to Defendant CITY OF SACRAMENTO'S Board of Supervisors, had already arranged a new vacancy for Plaintiff to apply when Demavivas replied to the EEOC on June 18, 2021.

27. It was clear that Defendant CITY OF SACRANENTO retaliated against Plaintiff for engaging in protected activity by making a charge of discrimination/retaliation with the EEOC. Plaintiff later discovered that Chief COSTAMAGNA, in violation of the Fire Department Policies, the Civil Service Policies, had unilaterally giving the third vacant Fire Investigator 1 position to Fire Captain Santino Vivarmontez. Chief COSTAMAGNA sealed Plaintiff's fate and made good on former Chief NIKO KING's mandate to never promote Plaintiff into the fire arson position.

28. Thereafter, on September 29, 2022 the EEOC issued a DETERMINATION finding. The EEOC finding included the following:

> "I have considered all the evidence disclosed during the investigation and have determined that there is reasonable cause to believe that Charging Party was denied a promotion in retaliation for engaging in protected activity, in violation of Title VII."

29. An EEOC determination finding is admissible in a federal court and binding upon the Respondent. Plummer v. W. Int'l Hotels Co., 656 F.2d 502, (9th Cir. 1981) where the 9th Circuit ruled that an EEOC determination "has been held to be a highly probative evaluation of an individual's discrimination complaint." Id. at 505. "An EEOC determination, prepared by professional investigators on behalf of an impartial agency, has been held to be a highly probative evaluation of an individual's discrimination complaint....A civil rights plaintiff has a difficult burden of proof, and should not be deprived of what may be persuasive evidence. We therefore hold that the plaintiff has a right to introduce an EEOC probable cause determination in a Title VII lawsuit, regardless of what other claims are asserted, or

HE VELEZ
AW FIRM, PC
ttorneys at Law
110 Lava Ridge Court
iite #120
oseville, CA 95661

whether the case is tried before a judge or jury. The district court erred in excluding the EEOC determination, and we reverse and remand." Id.

30. Within the time provided by law, Plaintiff BLANKENSHIP filed a complaint with the Equal Employment Opportunity Commission, in full compliance with the Title VII, and has obtained a "Right to Sue" letter.

**FIRST CAUSE OF ACTION**
**VIOLATION OF TITLE VII:**
**RETALIATION FOR OPPOSING DISCRIMINATION; PARTICIPATING IN A EEOC PROCEEDING**
**(Against Defendant CITY OF SACRAMENTO)**

31. Plaintiff incorporates by reference the allegations set forth above and below.

32. Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under federal law. Title VII of the Civil Rights Act of 1964 forbids an employer from retaliating against an employee because of the employee's opposition to "any practice made an unlawful practice" by Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

33. At all times, herein relevant, Plaintiff engaged in protected activity by opposing wrongful employment discrimination based upon race and gender. Next, Plaintiff engaged in protected activity by his participation in "an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). Plaintiff engaged in protected activity when he submitted his EEO complaint of race and gender discrimination and harassment. Thereafter, Plaintiff was retaliated against with denials of promotional opportunities.

34. On August 6, 2022 Defendant CITY OF SACRAMENTO again, retaliated against Plaintiff in his third application process for a proclaimed vacant position as a Fire Investigator 1. Defendant fabricated a story to Plaintiff about the position following the City's June 18, 2021 EEO Manager, Don Demavivas' letter to the EEOC stating that Defendant had opened a vacancy for the position and inviting Plaintiff to submit for the vacant position. Subsequently, Chief COSTAMANGA in contravention to City's June 18, 2021 proclamation of a vacant position retaliated against Plaintiff for his engagement in protected activity. Chief

HE VELEZ
AW FIRM, PC
ttorneys at Law
10 Lava Ridge Court
ite #120
oseville, CA 95661

COSTAMANGNA went on so far as violating the Fire Department policies as well as the Civil Service policies by unilaterally placing a Captain into the vacant position.

35. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the Equal Employment Opportunity Commission and has obtained a "Right to Sue" letter.

36. As a result of the conduct of Defendant CITY OF SACRAMENTO, and each of them, and Defendant's breach of the code section, Plaintiff has suffered damages, the exact amount of which has not yet been fully ascertained but is within the jurisdiction of this court. Plaintiff is entitled to damages including, but not limited to, lost wages, salary, benefits and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce his rights, and have incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

**WHEREFORE**, Plaintiff prays for judgement against Defendants, and each of them, as follows:

1. For general, special and consequential damages in an amount of excess of the jurisdictional limits of this Court, according to proof;
2. For reasonable attorney's fees under Title VII and under any applicable statute, costs and expenses of litigation, according to proof;
3. For pre-judgment and post-judgment interest;
4. For Injunctive relief to abate discrimination; including all reasonable attorney's fees associated with this relief;
5. For economic damages;
6. For non-economic damages;
7. For lost past and future wages;

HE VELEZ
AW FIRM, PC
ttorneys at Law
110 Lava Ridge Court
ite #120
oseville, CA 95661

8. For such other and further relief as the Court may deem proper.

DATED: March 30, 2023

THE VELEZ LAW FIRM, PC

*/s/ Mark P. Velez*
By: Mark P. Velez, Esq.
Natalya Grunwald, Esq.
Attorney for Plaintiff ADAM BLANKENSHIP

**JURY TRIAL DEMANDED**

Plaintiff ADAM BLANKENSHIP demands trial of all issues by jury.

DATED: March 30, 2023

THE VELEZ LAW FIRM, PC

*/s/ Mark P. Velez*
By: Mark P. Velez, Esq.
Natalya Grunwald, Esq.
Attorney for Plaintiff ADAM BLANKENSHIP

HE VELEZ
AW FIRM, PC
ttorneys at Law
10 Lava Ridge Court
ite #120
seville, CA 95661